COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-08-124-CV

 

WANDA
BONNEY AND MARVIN                                           APPELLANTS

BONNEY, INDIVIDUALLY AND 

D/B/A COMPUQUICK TAX

 

                                                   V.

 

EDWARD
E. SCOTT AND                                                       APPELLEES

PATRICIA D. SCOTT, 

INDIVIDUALLY AND COMPUTAX


& ACCOUNTING
SERVICES, L.L.C. 

 

                                               ----------

           FROM
THE 153RD DISTRICT COURT OF TARRANT COUNTY

                                               ----------

                  MEMORANDUM OPINION[1]
AND JUDGMENT

 

                                               ----------








We have considered the parties= AJoint
Motion To Dismiss,@ requesting that we vacate our
April 30, 2009 judgment; vacate the trial court=s February
5, 2008 judgment and dismiss the case; assess costs to be paid by the party
incurring same; and render judgment effectuating their agreement.  It is the court=s
opinion that the motion should be granted in part and denied in part.[2]  See Tex. R. App. P. 42.1(a)(2),
43.2(e).  Accordingly, we withdraw our
April 30, 2009 judgment and the opinion issued the same date, and, without
regard to the merits, we set aside the trial court=s
judgment and remand the case to the trial court for rendition of judgment in
accordance with the parties=
settlement agreement.  See Tex. R.
App. P. 42.1(a)(2)(B), (c), 43.2(d); Innovative Office Sys., Inc. v. Johnson,
911 S.W.2d 387, 388 (Tex. 1995).  We
dismiss the parties= pending AAgreed
Motion for Rehearing@ as moot.

Costs of this appeal shall be paid by the party
incurring same.  See Tex. R. App.
P. 42.1(d).

PER
CURIAM

 

 

PANEL: MCCOY, J.; CAYCE,
C.J.; and MEIER, J.

 

DELIVERED: July 2, 2009











[1]See Tex. R. App. P. 47.4.





[2]That is, the parties ask
us to render judgment effectuating the parties= agreement and to
vacate the trial court=s judgment and dismiss
the case.  Rule 42.1(a)(2), however,
permits us to render judgment effectuating the parties= agreement or to
vacate the trial court=s judgment and remand the
case to the trial court for rendition of judgment in accordance with the
agreement; we cannot do both.  See Tex.
R. App. P. 42.1(a)(2)(A), (B); see also Cunningham v. Cunningham, No.
02-08-00362-CV, 2008 WL 5479677, at *1 n.2 (Tex. App.CFort Worth Oct. 30, 2008,
no pet.) (mem. op.).

Furthermore,
although the parties claim in their motion that they specifically agree Ato vacate this Court=s April 30, 2009
Judgment,@ we observe that the parties
have no authority to vacate this court=s judgmentCthey may only request that this court
vacate its judgment in light of their joint motion.  See Tex. R. App. P. 42.1, 43.2.